seeking to argue on our regular calendar are here. So I will turn to the first case, Cincinnati Insurance Company versus Roy's Plumbing. Thank you. Good morning, Your Honors. Good morning. May it please the Court, Robert Nohr on behalf of Roy's Plumbing. Roy's Plumbing is a small plumbing company in Niagara Falls, New York. It does residential, some commercial plumbing. It got caught up in a larger suit concerning Love Canal and traditional historic pollutants of Love Canal. We are seeking reversal of the district court's determination, granting summary judgment to the insurance carrier on the pollution exclusion defense. And denying our summary judgment the coverage, at least as to a defense, is required. Why is this case just coming to us now when Love Canal took place, what, 15 or 20 years ago? That's a very good question, Judge. And Love Canal actually took place in the early 70s, resulting in the Circla Superfund suit. Roy's is a small part of this 15 defendant case. Love Canal, if you look back 70 years, when the canal was created and the pollutants were disposed of, Roy's wasn't involved there. The complaint doesn't allege they were. In 2011, when the other defendants, not Roy's at that point, were doing some sewer work, there was what the plaintiffs referred to as an acute release. It was only after that that Roy's was brought in to do some of their standard plumbing work that they do in Mrs. Harris' basement and other places around. Love Canal has been revitalized. There's now 1,300, I believe at this point, cases that have been filed alleging that the Love Canal toxic waste were never taken care of, the remedy wasn't proper, etc. But it's very important on this appeal to remember we're only talking about the allegations against Roy's plumbing, not the general bad case scenario of Love Canal. Tell me why what Roy did, allegedly, is not part of the pollution exclusion of the policy. There's two issues, Judge. One is the mechanism of injury. Now, that has to do with what happened, and it has to do with the type of damages. Did you say mechanism of injury? Mechanism of injury, yes, Your Honor. And I think the Cedar Host and Kingston cases make it very clear that sewage, which is what we deal with, is not necessarily covered under the pollution exclusion. It's only covered if it is the irritating effects of sewage that cause the damage. Now, I will not try to say to this Court that the majority of this case isn't about just that. The majority of what the plaintiffs are claiming, I'll be very candid about that, is that there were pollutants that caused them damages. But on this question of whether or not Roy's, a small plumbing company, caught up in this bigger case with other bigger defendants, is entitled to a defense, the question is, are there any allegations in the complaint that could be covered? And this complaint alleges that Roy's, doing its ordinary plumbing work, going into Mrs. Harris' basement, taking care of her sewage line, taking care of some plumbing, did some things negligently, over-pressurized the system is one of the things they say. Now, could that have caused damages other than the irritating effect of pollutants? Absolutely. As I understand it, the only injury that was sought to be compensated was injury. I mean, of course, over too much water could cause flood-type damage, water damage that's not pollutant damage. But as I understand it, the only harms that are being claimed are harms that resulted from the pollutant result of the excessive pressure or excessive water. Your Honor, I respond to that simply by pointing out in the complaint that one of the things that happened was the original complaint was too generic, and the Supreme Court judge answered a motion and told the plaintiffs, get more specific about what each one of these people did and the damages they caused. And so the second amended complaint, which is in the record, is where they narrowed things. And one of the things that they said about Roy's was that they caused other economic loss. I don't know what that means. We haven't had discovery on the issue. It could be broken pipes. It could be damage to furniture. It could be, I don't know. Do I think that the vast majority of the damages may be excluded in the end on the pollution exclusion? Probably so, and I'll be very candid about that. But that's not the law in New York. The duty to defend is an absolute separate duty under the policy from indemnification. Roy's got caught up in this case, as did Cincinnati. I think, frankly, neither of us would prefer to be in this situation, but we are. So who bears the burden of that? So if you think the vast majority of damages would not be covered by the exclusion, you're still asking for the duty to defend for the whole suit. Which is the law in New York, Your Honor. It's very clear in New York that if there is any allegations, and that was the point I was getting to, was New York refers to this as litigation insurance, the duty to defend. Roy's got caught up in it. Cincinnati has now been dragged into it. As between the two. I understand that you're saying that some of the allegations of what warrants the failure of a duty of care alleges negligence, and the negligence is alleged to be through excessive pressure and excessive water and so forth. But what makes me wrong in my belief that all of the harm claimed by these plaintiffs was harm from pollutants and contaminants? Not that you're wrong, Judge, but we're as of yet uninformed. We're not at that stage of the case. We have as information the allegations of the complaints. The allegations of the complaint reference other economic damages as one of the categories of damage. Other economic damages at A350 of the record. Those other economic damages may be a thin read. But it should be enough to keep Cincinnati's duty to defend present. Because Roy's in Cincinnati, neither of us want to be here. But between the two of us, A350? Neither of us wants to be here. And I want to make this point. It's critically important. It is not fair, maybe, to both of us. Why? We bought insurance. We paid for it. They did a risk analysis. I'm looking on A350. A350 at the, I'm sorry, Judge, I have to pull the record up. There is a list of- Other economic losses. Other economic loss. That's correct, Judge. There's a list of alphabetically listed- And you believe that would be covered even if the pollution exclusion was operative? I do. Because the pollution exclusion only applies to damages caused by the irritating effects of pollutants. As of this time, based on that allegation and the rest of the allegations, we don't know if we broke a pipe. We don't know if we got furniture wet. We don't know what happened. And that's the idea of a litigation insurance. Until we find that out, until there is a clear demarcation of what the origins of these damages are, Royce has a duty. Let's look forward and say you're right and we say, okay, enter an order requiring Cincinnati to provide you a defense. Counsel comes in for the carrier and they do some discovery and say, please identify your other economic loss. And the other economic loss is I got awful sick and I lost wages. I got awful sick as a result of this pollution and lost wages. They're out, right? After that. If that, if in the end- I know, but this is all hypothetical. I agree, Royce. If in the end, at that point in the litigation, Cincinnati is able to show that there's absolutely no basis for damages caused by other than the irritating effects of pollutants- Right. Yes. If the claim is refined outside the bare bones of H, other economic loss, saying our other economic loss was I couldn't go to work because I was sick and I lost these wages. If that is the absolute totality of the damages, then I would agree with the court. But I do emphasize we're not there yet. No, I understand. And the duty to defend exists at this point and we're asking that it be imposed. Thank you. Thank you. We'll hear from Cincinnati Insurance. May it please the court. Good morning. Good morning. Daniel Litchfield on behalf of the plaintiff, counter-defendant, and Appley Cincinnati Insurance Company. Why isn't your adversary correct on the very last argument or issue we were talking about? Several reasons. Thank you. First of all, the complaint itself. This is an 80-page complaint. It does not lack detail. What its detail does tell us, however, is that this is all and only about toxic chemicals. I started last night, just for the heck of it, at the first page, counting the number of times that it refers to toxic chemicals, the Love Canal toxic chemicals. It doesn't really swing it, though. But it's what it's about. You can say toxic chemicals 16,000 times if it also says water damage, flood damage, or some kind of physical image that could arguably be the entire judgment. Yes, Your Honor, but this complaint doesn't. That's the point. My point is that how many times it says toxic waste doesn't answer the question. So you have to tell us why the complaint alleges only, only pollutant-type harm. My apologies. I led with my rhetoric and not with this answer, which is where it says other economic loss, that follows a list of the damages that these plaintiffs claim that they incurred. That follows a specific allegation that it's from the foregoing, and the foregoing is all and only about being exposed to these toxic chemicals. There's nothing in this complaint about sewage. There's nothing in this complaint about damage caused by the water itself. That's the distinction between this case and the precedents that Roy's Plumbing relies on, which deal with, for instance, the Cedarburg case or the Kingston case, where there was a duality. For instance, in one of those cases, the water pressure actually washed out an abutment, and that was the damage that caused there to be a duty to defend, apart from the fact that the sewage that was included within that water would have been excluded by that pollutant exclusion. This case is different from those cases and with respect from the hypothetical because this complaint is all and only about the allegations of toxic chemicals and the effects of toxic chemicals. It says on page 347, paragraph 156, and I guess again and again, it says, as a result, as a consequence of the foregoing misconduct on the part of the defendants . . . I guess I should read the same language from page 349, paragraph 160. As a consequence of the foregoing misconduct on the part of the defendants, plaintiff sustained with reasonable probability and will in the future sustain the following injuries, and then it says a bunch of things like physical pain and suffering, physical disabilities, mental anguish, and then concludes with other economic loss. So, as I understand your adversary's argument, he's saying the misconduct that's referred to, the foregoing misconduct on the part of defendants, specifically included excessive pressure in hosing, excessive water, and stuff like that, which at least theoretically is capable of causing various types of harm, some of which, many of which would be pollutant, but not necessarily. So, he's saying we can't tell whether they're going to claim economic loss as a result of other consequences of negligent excessive pressure and excessive amounts of water. So, how do you answer that? Why doesn't that pleading open the way to proof of structural harm because of the excessive water or any sort of a lot of other things? We can tell, Your Honor, because of the complaint as a whole taken in context. If you go back to paragraph 38, which specifically refers to Roy's. That's on page A309. And then moving also, I would refer to paragraph 51 at A325. Those are among the paragraphs that are specifically addressing Roy's plumbing and what Roy's plumbing allegedly did wrong. And what those paragraphs say is that Roy's plumbing caused pollutants to be dispersed. There are a variety of ways in which it was alleged to have dispersed these pollutants. It allegedly jetted water that moved or dispersed pollutants from where they were to other places within the environment and that these plaintiffs were allegedly exposed to them, causing them harm, including other economic loss. It also allegedly had too much pressure in the pipes and left a trench open, causing these love canal toxins, as the complaint alleges, to be dispersed and to disperse elsewhere in the environment. It says, into and onto the plaintiff's land, their properties. And then it goes on to say it caused them harm from exposure to those chemicals. What harm? Among other things, other economic loss. The fact of the matter is that the case law that we've cited to the court uniformly says that you read the— as a matter of fact, Roy's is a proponent of this case law—that you read the complaint as a whole. You read it in context. We've cited the Burke case, which also says that it's important to look at the gravamen of the complaint, not to soundbite little bits and pieces of a complaint that, as an overall construct, does not cause a duty to defend in order to find a duty to defend. So what would happen? Let's say that we sustain the judgment so that you don't provide a defense. And then suppose that in the course of the trial under this, the plaintiffs present evidence of harm that was the result of excessive, negligent, excessive pressure, which caused harm that is not in the nature of pollutant and contamination. What then happens? And a verdict is awarded in those plaintiffs' favor against Roy Plumbing on such a theory. Can they then come back to you after the fact and say, although you didn't provide the defense, you're now liable for the defense, for the amount that we expended in defending the case? The precedents that I'm aware of that address your question involve situations where a complaint is amended. For instance, purely intentional conduct, there's an amendment and they add the count for negligence or they add the claims for negligence. That's then submitted to the insurance carrier, which now has a potentially covered complaint when before it did not. That's a different case from the case that I'm postulating. I'm not aware of a precedent, Your Honor, that addresses what you're postulating, which is it comes up for the first time at trial. Our case law in amending complaints, I believe, and all the way up through proceedings in this court are that essentially the complaint becomes de facto amended to comport with the facts proven. So back to Judge LaValle's question, there may not be a formal amendment, but what happens if ultimately smart defense counsel for Roy's Plumbing asks for a specific interrogatory to the jury and has them enumerate what these various things are and the jury checks off something that has nothing to do with pollution? Can they come back to you and say, all right, provide us all or a portion of the reimbursement for our defense costs? Judge, first of all, I'm aware of no precedent that would address that. Just speaking to the question as a matter of first impression. In a matter of first impression for the state courts as well as for this court, it would also turn on its head the entire jurisprudence of how liability insurance policies work is between the duty to defend and the duty to indemnify. How is that? It's not an ex post facto look in kind of a thing. It's ex ante. It's just that they're expecting you to defend, so you don't have a notice provision. If you want to protect yourself, you the carrier, not you, but if the carrier wants to protect itself, it can come in and defend against eventualities like that. If it's given notice, certainly it has to respond to the notice. The fact that we're discussing it with you may even be notice, which your carrier might be interested in. I tend to doubt that, Your Honor, because, again, we don't have a complaint that does any of the things that we're talking about. We don't have our court reporter here either. It's not exactly true because I believe that at least theoretically, judging by what the two counsel have pointed out to us this morning, this complaint, although it talks again and again and again and again, as you say, about pollutant-type harm, it does say that they were negligent in using too much pressure, and it does say that this caused damage, which include other economic harm. So I'm not sure that as the trial judge, I would say that they can't recover for other economic harm that was not of a pollutant nature when they've pleaded this. Judge, that is not what the underlying case is here, although I'm happy to discuss hypotheticals. Why is it not? Because this complaint does not say that there was damage caused by water pressure. It says water pressure caused the pollutants to disperse, and that caused all the damage that people are seeking recovery for. And I think that's distinct from the cases, such as the Cedarburg case, where the water pressure caused separate and distinct damage, that is, washing away the abutments of a structure. None of that is alleged here. This is all and only about exposure to the Love Canal toxins, which Roy's Plumbing allegedly dispersed such that people were exposed to them. That's what my client got. That's what my client is supposed to, under the law, deal with. And all I can tell you is that the law is very clear, that we look to the four corners of that underlying complaint to determine whether we have a duty to defend the court below, I think, and we have correctly determined that we did not have a duty to defend, both because of the facts as alleged in that underlying complaint, taken as a totality, because of the gravamen of that complaint, which is what the law tells us we need to look at, and that's so that we don't soundbite our way into a defense that really isn't merited under the law, and last, because of this pollution exclusion, which is very broadly written, and I would commend the court to its text and language, we clearly did not want to cover these types of cases. Thank you. Thank you. Counsel, you've reserved two minutes for rebuttal. Thank you, Your Honor. I just want to start with saying the fact that Judge LaValle asked the question answers the question, because if in your mind's eye you can see a situation in which damages covered by the policy might be eventually found, the burden of getting to that point, the burden of defending to that point, belongs to Cincinnati, and that case law is clear in New York, and I think that the discussion here this morning has pointed out there is that possibility. Tell me the chain that would take this complaint to avoid the pollution exclusion, you say could ultimately be concluded. Your Honor, at 350 in the record, in the list of items, one of the things the plaintiffs say they are looking for is recovery for injuries and other damages. So they separate those two. Based on the foregoing, as Mr. Litchfield pointed out. Exactly, based on the foregoing, and part of the foregoing is that Roy's in the performance of its plumbing duties was negligent in overpressurizing the system and in other ways. Do you disagree that there's the limitation on that of overpressuring it, thereby causing the disbursement of pollutants? I do. I think that that's a connection that has not yet been made. Do any damages flow from the pressure itself? Again, at this point we don't know. We haven't gotten to that point in the case, but as seen this morning, it could be imagined, it could be understood, and the burden to get to the point where we have a definitive statement on that belongs to Cincinnati. Where is the allegation in the complaint about overpressuring? There are... I apologize, Your Honor. That was one point that I had not put down my record notation on. It is in the complaint. I think it's admitted to being in the complaint in the briefs. We did make the point below to the court. I have it at A731. A731? Yes. I believe that might be part of the memo, though, referencing it. I can't state that that is where it is in the complaint at this point, Your Honor. The second amended complaint starts at A302. That's a pretty important point. That's part of your argument. It is in the specific allegations as to the sewer incident defendants, Your Honor. On A309, at paragraph 38, it talks to... 309, did you say? Yes, Your Honor. I'm looking at 309. A lot of talk about toxic chemicals. I do apologize for not having that point directly for you this morning, Your Honor. I can certainly point it out in a letter brief after if the court so desires. You can't, as you stand there, point to any section of the complaint that doesn't relate to exposure to hazardous substances, etc. Substances, pollutants, and contaminants that have been released into the environment from Love Canal. No, Your Honor. I can say definitively that the complaint speaks to the fact that Roy's and others over-pressurized the system. I just can't say for you this morning where in the record the specific citation is, and I do apologize for that. But it is there, and it's understood to be there, and it was argued, and it is, in fact, a very important part of the case. Thank you. Thank you both. Interesting case. We'll reserve decision.